IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK D. DEMPSEY, | ) | No. C 09-2382 JSW (PR) |
| Plaintiff, | ) ) ) | **ORDER OF SERVICE OF FIRST AND EIGHTH AMENDMENT CLAIMS** |
| v. | ) ) | |
| GREGORY AHERN, | ) | (Docket No. 4) |
| Defendant. | ) ) ) | |

## INTRODUCTION

Plaintiff, currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed this civil rights complaint regarding the conditions of his confinement while incarcerated at the Santa Rita Jail in Dublin, California. Plaintiff has also filed a motion to proceed *in forma pauperis*, which is GRANTED in a separate order. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and serves the complaint as set forth below.

## STATEMENT OF FACTS

In the complaint, Plaintiff alleges that the jail's failure to provide a religious diet has deprived him of his rights under the First and Eighth Amendments. Plaintiff contains that Sheriff Ahern is responsible for failing to provide a policy for the jail that accommodates the religious diet needs of inmates such as himself and that the failure to provide him with such a diet for a period of 26 days violated his religious and nutritional

needs.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). However, the Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary diet of Nutraloaf, which exceeds inmate's daily nutritional requirements, does not violate 8th Amendment).

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate

2

penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008)*, Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). To reach the level of a constitutional violation, "the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" *Id.* at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)). A prisoner may be inconvenienced in the practice of his or her faith so long as the governmental conduct does not prohibit the prisoner from "participating in the mandates of his religion." *See id.* (failure to give notice allowing time for cleansing ritual, shackling, requiring sign-in for services and abusive language directed at faith failed to rise to a constitutional level). A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (remanding for district court to determine whether denial of kosher diet was reasonably related to prison's legitimate interest in streamlining food service).

      Liberally construed, Plaintiff's allegations are sufficient to warrant a response and will be served, as set forth below.

## MOTION FOR COUNSEL

      Plaintiff has filed a motion seeking appointment of counsel to represent him (However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

      The decision to request counsel to represent an indigent litigant under § 1915 is

within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525;  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*   Plaintiff's motion is DENIED without prejudice, for want of exceptional circumstances.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim against Defendant Gregory Ahern.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon: **Defendant Gregory Ahern, Sheriff, Alameda County.**  The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the**

1 **opinion that this case cannot be resolved by summary judgment, they shall so
2 inform the Court prior to the date the summary judgment motion is due**.

3 All papers filed with the Court shall be promptly served on the Plaintiff.

4 b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed. The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is

due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and Defendant or Defendant's counsel informed of any change of address by filing and serving a separate paper entitled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 14, 2009

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PATRICK D. DEMPSEY,

        Plaintiff,

  v.

GREGORY AHERN et al,

        Defendant.

Case Number: CV09-02382 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrick D. Dempsey
2133 Arrapaho
Fremont, CA 945339

Dated: October 14, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk